IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18-CR-62 |
| vs. | |
| JUSTIN J. BERTSCHINGER, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 54) and moved for a downward variance (filing 55).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has made several objections to the presentence investigation report. Filing 54. The defendant objects that the report considers facts from Count I of the indictment, which was dismissed. The defendant objects to the extent the report indicates that his conduct was fraudulent. The defendant objects to paragraph 45 to the extent that it reports or implies that he was engaged in regular employment. The defendant objects to use of the findings of fact of the Administrative Law Judge in paragraph 46, except the ALJ's conclusion that none of the defendant's employment rose to the level of substantial gainful employment. And the defendant objects to a determination of loss and restitution as found in paragraphs 48 and 54 on the grounds that the Social Security Administration made a loss determination that

it can enforce. The defendant believes that the Government will require a hearing to present evidence in support of the presentence investigation report, and that the defendant would then present evidence from himself and the defendant's wife in rebuttal.

All objections will be resolved at sentencing. In addition, the defendant has moved for a downward variance, based upon his personal circumstances and § 3553(a). Filing 55. That motion will also be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become

final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of March, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge