IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-62 |
| vs. | FINAL RESTITUTION FINDINGS |
| JUSTIN J. BERTSCHINGER, | |
| Defendant. | |

This matter is before the Court for a final determination of the issue of restitution pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. While the Court finds that the MVRA applies to this case, the Court finds insufficient evidence to support an award of restitution.

The initial question presented is whether the MVRA is implicated in this case at all. The Court concludes that it is. The MVRA applies, among other things, to an "offense against property" under Title 18 of the United States Code, "including an offense committed by fraud or deceit." § 3663A(c)(1)(A)(ii). The MVRA doesn't define "offense against property," but the circuit courts to have considered the question have concluded persuasively that in determining whether a conviction qualifies as an "offense against property," the Court looks to the conduct underlying the offense of conviction instead of the elements of the crime. *United States v. Ritchie*, 858 F.3d 201, 208-11 (4th Cir. 2017); *United States v. Collins*, 854 F.3d 1324, 1329-35 (11th Cir.), *cert. denied,* 138 S. Ct. 503 (2017); *see United States v. Quarrell*, 310 F.3d 664, 678 (10th Cir. 2002).

The defendant pled guilty to making false statements in violation of 18 U.S.C. § 1001(a)(2)—specifically, to making false statements on a Social

Security Administration Form 821 in 2013, when completing questions about his work activities. Filing 1 at 1. The purpose of Form 821 is to determine whether a recipient of Social Security disability benefits is capable of substantial gainful activity, such that he is no longer disabled. *See* 20 C.F.R. § 404.1571; POMS DI 10505.035. Given that purpose, deliberately underreporting earned income on Form 821 is inherently an "offense against property . . . committed by fraud or deceit" within the meaning of the MVRA.

Where the government's argument breaks down, however, is with respect to proving up the restitution amount. The government bears the burden of proving the restitution amount by a preponderance of the evidence. 18 U.S.C. § 3664(e). *United States v. Adejumo*, 848 F.3d 868, 870 (8th Cir. 2017); *see United States v. Smith*, No. 18-3221, slip op. at 4 (8th Cir. July 3, 2019). Restitution may only be awarded for the loss caused by the specific conduct that is the basis of the offense of the conviction. *United States v. DeRosier*, 501 F.3d 888, 896 (8th Cir. 2007). The amount of restitution cannot exceed the actual, provable loss realized by the victims. *United States v. Martinez*, 690 F.3d 1083, 1088 (8th Cir. 2012); *see United States v. Adejumo*, 848 F.3d 868, 870 (8th Cir. 2017). And the causal connection between the defendant's acts and the victim's losses must not be unreasonably extended. *United States v. Spencer*, 700 F.3d 317, 323 (8th Cir. 2012).

Here, the presentence report based its loss calculation—and, therefore, the recommended restitution—on the SSA's determination that the defendant had not been disabled since 2008, and had been overpaid $114,474.83 in disability benefits. *See* filing 61 at 11-12. But the defendant objected to that conclusion and amount—and the government presented no evidence at sentencing to substantiate it. When the defendant objects to any a factual allegation in the presentence report on an issue on which the

government has the burden of proof, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). And it didn't in this case. *Cf. United States v. Dorcely*, 454 F.3d 366, 376-77 (D.C. Cir. 2006).

That leaves the Court little to connect the offense of conviction—false statements on a form in 2013—with the disability benefits he was found by the SSA to have overpaid since 2008. There is no evidence from which the Court can conclude that had the 2013 form been filled out accurately, the SSA would have stopped paying disability benefits—meaning the Court has no evidence of causation. And even if the Court could somehow infer causation for benefits paid after 2013, there's obviously no way to make that connection for the previous 5 years—and no evidence from which the Court can parse out the losses before 2013 and after. The Court can reasonably estimate a loss, even if it can't be precisely calculated. *See Smith*, slip op. at 4; *Adejumo*, 848 F.3d at 870. But that doesn't authorize pure speculation.

It is true that in a fraud case, restitution may be based on the loss from the course of the *scheme* alleged in the indictment. *United States v. Chaika*, 695 F.3d 741, 748 (8th Cir. 2012). But the defendant didn't plead guilty to fraud, and denied a scheme to defraud, *see* filing 54—and the government did not give the Court evidence to conclude otherwise. The government's brief (filing 67) was dedicated almost entirely to demonstrating the applicability of the MVRA, and provides no support for fraud, causation, or the loss amount. The defendant's brief (filing 68), on the other hand, reasserted his objection, and the government elected not to respond.

To be clear—the Court has no particular reason to quarrel with the SSA's determination that the defendant received benefits to which he wasn't entitled. But that determination has no preclusive effect here. *Cf. Morse v.*

*Comm'r*, 419 F.3d 829, 834 (8th Cir. 2005). And, the Court notes, even the SSA found (despite finding the defendant hadn't been disabled) that the defendant *hadn't* been engaged in substantial gainful activity, *see* filing 61 at 11—which is the issue that Form 821 is meant to help the SSA assess.

In sum: the Court has no evidence before it from which it can conclude that the offense of which the defendant was actually convicted caused the government's alleged losses, nor does the Court have evidence that the offense of conviction was part of a fraudulent scheme. Accordingly, although the MVRA is implicated here, the government hasn't met its burden of proving the restitution amount, or providing evidence from which a reasonable estimate can be made.

IT IS ORDERED that the defendant's objection (filing 54) to the presentence report is sustained as to restitution.

Dated this 8th day of July, 2019.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Chief United States District Judge